WHALEY *v.* STATE.

(*Knoxville*, September Term, 1938.)

Opinion filed April 1, 1939.*

*Designated for publication April 30, 1940.

GEORGE CHILD and RAY H. JENKINS, both of Knoxville, and TOM SHRIVER, of Nashville, for plaintiff in error.

W. F. BARRY, Assistant Attorney-General, for the State.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff in error, referred to as the defendant, was convicted of engaging in the business of making loans of money in amounts less than $300 and charging interest of more than six per cent without qualifying under the small loan law, Code, section 6721 and subsequent sections.

The defendant appealed from the action of the trial court in overruling his motion for a new trial and has assigned errors. It is insisted that the defendant was manager and conducted the business of lending money for the Mutual Loan & Thrift Corporation, which comes within the exceptions to the small loan law, Code, section 6742, which provides: "This law shall not apply to any person doing business under any law of this State or of the United States relating to banks, trust companies, building and loan associations, or to licensed pawnbrokers or corporations operating what are known as Morris plan banks or companies doing a similar business."

This exception written into the statute was legislative recognition of a distinctive class of money lenders whose practices invited public attention and subjected

172

them to regulation. The Act was not designed as a cover for usury, and all lenders of sums of $300 or less on contracts providing for more than six per cent interest per annum are brought within its regulatory provisions. The Act assumed that the class excepted by Code, section 6742, were already the subjects of regulation, either by statute or by a well recognized plan known as the Morris Plan Banks. The plan under which defendant operated the business is shown by a stipulation, and it cannot be found from the stipulation that the evidence preponderates in favor of defendant's insistence that his operations bring him within the exception to the statute. It is shown that the defendant makes loans of $5 and upwards to borrowers. The nature of his transactions through the company he manages are illustrated in the stipulation by reference to a hundred dollar loan. An applicant for a hundred dollar loan is required to purchase an investment certificate of the par value of $100, for which he agrees to pay $108, and is to receive three per cent per annum on its par value. It is stipulated that he may purchase an investment certificate for cash or by use of a note. It cannot be imagined that an applicant for a loan would pay $108 cash for an investment certificate bearing only three per cent interest to be used as collateral security for a hundred dollar loan bearing six per cent interest; but we are not dealing with the investment feature. It is admitted by the stipulation that the applicant for a hundred dollar loan must first buy an investment certificate and execute his note for $108. He is then required to pay a $4 service charge. If found eligible for a loan, the applicant is then required to execute his note for $100, from the proceeds of which six per cent discount is deducted for the interest. The investment certificate is attached as collateral to the note. As a result

of the transaction, the applicant for a hundred dollar loan, payable one year after date, receives $82 cash, because he is required to pay $8 premium on the hundred dollar certificate, and $4 service fee, and $6 for a year's interest in advance, making a total of $18 from which the three per cent interest on the investment certificate may be deducted, leaving the borrower to pay $15 for the use of $82 for a period of twelve months.

The Legislature did not intend by the exception of Morris Plan Banks or companies doing a similar business to make a cover for evasions of the law. The Act was designed to protect borrowers of small sums of money. Toward that end, it was provided by Code, section 6721 that no person shall engage in the business of making small loans in the sum of three hundred dollars or less and charge a greater sum than six per cent, except as authorized by this Act regulating the small loan business.

The defendant is shown to have been engaged in making small loans at more than six per cent interest and is subject to regulation under the small loan law. The reference to forms exhibited with the stipulation under which Morris Plan Banks are organized supplies no evidence to overcome the admission of defendant that he made loans of from $5 up at more than six per cent interest.

Affirmed.